after which,, the opinion of the court was delivered by
Huston, J.
On the trial of this cause, the. plaintiffs proved and gave in evidence their book of original entries. After this the plaintiffs produced, and, having proved it to be the defendant’s writing, read a letter from Jacob K. Boyer-to the plaintiffs, dated the 17th of March, 1817. In this letter.he acknowledges the receipt of two letters from the plaintiffs and one from Mr. Sheep- *213 shanks, states his inability to pay the balance due them, and asks time. The plaintiffs then offered to read their journal and leger. These were objected to, and rejected by the court, and exception taken. These books must have been offered to prove something not in the day book, or they were unnecessary. It is conceded such was the case; that they contained entries of cash; but it was argued, that the plaintiffs could read them, because the defendant, in his letter above stated, mentioned the balance. The Court of Common Pleas was right in rejecting these books. The plaintiffs had not the two letters referred to in Boyer’s letter of the 17th of March, 1817. They had given him notice to produce them, but they were not produced. They might then have read copies of them or proved their contents; but there was no evidence that those ■letters stated the amount of balance claimed to be due, nor that, if they stated a balance, it was the same as shown by the journal and leger. They were properly rejected.
The defendant then proved, that S. Ludgwig was a brother-in-law of one of the plaintiff's, lived in Philadelphia near them, was often in their store, and in habits of intimacy with them, and then offered a receipt as follows:
“Received, January 18, 1817, of Mr. Jacob K Boyer, eighty-, •six dollars on account with Worman and Beiterman.
Samuel Ludgwig.”
The plaintiffs’ counsel objected to this paper being given in evidence, but the court received it, and it was read to the jury; and this was the subject of the second bill of exceptions.
Neither an acquaintance, nor a brother-in-law, who is not also a ■clerk or agent of the party, can bind him by a receipt. Whoever pays money to such person, does it - at his own risk. This was error in the court below, — indeed the defendant’s counsel did not attempt to support it.
The plaintiffs then having proved notice on the defendant.to produce the letters referred to in his letter above-mentioned of the 17th of March, 1817, moved the court below to require the defendant to produce those letters. The court refused to do so, and this was the third bill of exceptions. On a notice to produce papers which are not produced in consequence thereof, copies of the papers may be read, or the contents proved. We have an act of assembly of the 27th.of February, 1798, 3 Sm. L. 303, which gives the courts “ power in any action depending before them, on motion and on good and sufficient cause shown, by affidavit nr affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or writings in their possession or power which contain evidence pertinent to the issue,” &c. Now the plaintiffs had not complied with' this act. If they had madé the necessary affidavit, obtained a rule to show cause, and, on. hearing, obtained an order,of the court, and served it duly on the defendant, the court would have had authority to require *214 the defendant to produce the papers, or to satisfy the court why it was not in his power so to do; .or, if the party was defendant, to give judgment by default, as far as relates to such part of the plaintiff’s demand, to which the books or papers are alleged to apply. Unless the party wishing for papers takes his direction from this act, and complies with what it prescribes, he is not entitled to the benefit of its provisions. The Court of Common Pleas were right in their direction on this point. But for the error in the second bill of exceptions, the judgment must be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded'.